IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 95-36-8 |
| | ) |
| DERRICK MICHAEL McCAIN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**CONTI, Senior District Judge.**

I.   **Introduction**

Pending before the court is a motion for early termination of supervised release filed by defendant Derrick Michael McCain ("McCain"). (ECF No. 657.) McCain argues that he is entitled to early termination of his 10-year-term of supervised release because after serving a term of imprisonment of 20 years and 9 months, he is abiding by conditions of release, is gainfully employed, purchased his first home, and is not suffering from any substance abuse or mental health issues. (Id.) The government responded to McCain's motion arguing, among other things, that early termination of his term of supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a) because, among other reasons, McCain had a "high level" position in a very serious and extensive cocaine-distribution organization and he has only served approximately 50% of his ten-year-term of supervised release. (ECF No. 660.) For the reasons set forth in this opinion, including the court's consideration of the factors set forth in 18 U.S.C. § 3553(a) and the interests of justice, McCain's motion for early termination of supervised release will be denied without prejudice.

II.   **Procedural History**

On April 19, 1996, a jury found McCain guilty of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. (ECF No. 239.) On August 23, 1996, the court held a sentencing hearing. It found that McCain was responsible for distributing 8.8 kilograms of cocaine and 350 grams of crack cocaine, and the applicable guideline range for a term of imprisonment was 292 months to 365 months, and his criminal history was a category V. The court sentenced McCain to a term of imprisonment of 300 months, and a term of supervised release of 120 months (10 years). (ECF No. 320.)

On October 17, 2008, the court reduced McCain's sentence to a term of imprisonment of 243 months, pursuant to 18 U.S.C. 3582(c)(2) because the sentencing guidelines applicable to him were reduced and the reduction was made retroactive. The court found that the sentencing guideline range for a term of imprisonment was 235 months to 293 months. The court did not modify McCain's sentence with respect to his ten-year-term of supervised release.

On November 22, 2015, McCain was released from incarceration after serving the federal sentence imposed in this case and a sentence in state custody. (ECF No. 657 ¶ 5; ECF No. 660 at 2 n.3.) On or about that date, he commenced his ten-year-term of supervised release. Thus, he has served approximately 5 years and 6 months of his ten-year-term of supervised release.

On April 19, 2021, this court received McCain's pro se motion for early termination of supervised release. (ECF No. 657.) On May 5, 2021, the government filed a response in opposition to McCain's motion. (ECF No. 660.) McCain's motion having been fully briefed is now ripe to be decided by the court.

### III. Discussion

#### A. Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of supervised release[1] under 18 U.S.C. § 3583(e). United States v. Melvin, No. 20-1158, 2020 WL 6108619, at *3 (3d Cir. Oct. 16, 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

---

[1] Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

3

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 2020 WL 6108619, at *3. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id.

The Third Circuit Court of Appeals has clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown." Id. (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion

---

[2] The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 2020 WL 6108619 at *3.

under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1) to determine whether early termination of McCain's term of supervised release is warranted by his conduct and in the interest of justice.

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

McCain and six codefendants operated a "major cocaine distribution scheme in Western Pennsylvania[,]" which was responsible for distributing approximately 250 kilograms of cocaine in the area. (Presentence Investigation Report ("PIR") ¶ 5.) McCain held a "high level" position in the distribution scheme, which was led by his codefendant Ronald Whethers. (Id. ¶ 8.) Specifically, McCain delivered crack and crack cocaine, communicated the location of cocaine to other members of the organization, collected and received payments for cocaine, (id.) and brought other people into the organization, (id. ¶¶ 14, 17.) McCain was responsible for 8.8 kilograms of cocaine and 350 grams of crack cocaine. The distribution scheme involved the use of serious violence. (PIR ¶¶ 21-23.)

According to McCain, he has the support of his family, which helped him reintegrate into society after his long prison term. (ECF No. 657 at 2.) He does not suffer from mental health or substance abuse problems. (Id.) Since his release from imprisonment, he obtained his driver's license, purchased his first home, paid taxes, began to build his credit score, and was gainfully employed until the COVID-19 pandemic caused his unemployment. (Id.) The probation officer informed this court that McCain has not committed any violations of the conditions of his supervised release.

Based upon the representations by McCain and his probation officer, McCain has done very well during the first five years of the ten-year-term of his supervised release. McCain's offense of conviction in this case, however, was very serious because it was extensive, involved a significant amount of cocaine, which has devastating effects on the community, and involved the use of serious violence. Under those circumstances, despite the strides that McCain has made since his release from imprisonment, a ten-year-term of supervised release remains the appropriate sentence in this case.

> **2. *The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)***

Because an information was filed under 21 U.S.C. § 851, show that McCain had at least one prior drug felony conviction before he sustained the conviction in this case, (ECF No. 214), the statutory minimum term of supervised release was ten years. 21 U.S.C. § 841 (Effective to October 2, 1996).[3] He has served only a little more than 50% of the mandatory ten-year-term of supervised release. In light of the grave and serious nature of McCain's criminal conduct and that Congress provided a mandatory ten-year-term of supervised release for his crime, a five year and six-month term of supervised release would not adequately deter criminal conduct. In other words, a ten-year-term of supervised release is still warranted to deter criminal conduct.

---

[3]   Due to the information filed, if McCain was sentenced under the current version of 21 U.S.C. § 841, he would still be subject to a mandatory ten-year-term of supervised release.

According to McCain, after he was released from imprisonment, he was placed into society to "fend for [him]self." (ECF No. 657 at 2.) He asserts that he was not provided federal or state assistance to obtain housing, education, or employment opportunities. (Id.) The probation office can assist McCain with those endeavors throughout his term of supervised release; indeed, as explained above, supervised release "fulfills rehabilitative ends, distinct from those served by incarceration." Johnson, 529 U.S. at 59. For example, to the extent McCain is still unemployed because the COVID-19 pandemic, the probation officer can work with him to obtain employment and provide him assistance to continue to lead a law-abiding life.

Based upon the serious nature of McCain's crime and the statutory minimum term of supervised release set forth by Congress in § 841, the appropriate term of supervised release remains 10 years.

### 3. The sentencing range established by the Sentencing Commission, § 3553(a)(4)

The applicable guideline range for a term of supervised release was (and currently is) 10 years. U.S.S.G. § 5D1.2(b) (1995).

### 4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).

No pertinent policy statements were raised by the parties with respect to this matter.

### 5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).

A ten-year-term of supervised release is warranted; otherwise, a sentencing disparity would be created between McCain and other defendants with similar records

who have been found guilty of similar conduct. McCain did not set forth any argument or evidence to show that terminating his term of supervised release after only 5 years and 6 months is warranted.

### 6. The need to provide restitution to any victims of the offense, § 3553(a)(7).

There are many victims of drug-trafficking offenses. The law, however, does not provide for restitution for McCain's crime.

### C. Whether early termination is warranted and in the interest of justice

McCain in his letter to this court asserts that since his release from incarceration he has complied with the conditions of his supervised release; indeed, according to McCain, he has led a law-abiding life, obtained employment, and does not have substance abuse issues. (ECF No. 170 at 2.) Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and being employed, however, is *required* behavior while serving a term of supervised release. United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

McCain's conduct and desire to better himself by, among other things, being employed, obtaining his driver's license, and purchasing his first home, are

8

commendable, but, considering the foregoing § 3553(a) analysis, especially the serious and dangerous nature of his crime and the need to deter criminal conduct, the interests of justice are best served by McCain completing his ten-year-term of supervised release.

### IV.     Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 657) without prejudice. In the event McCain's circumstances change, he may file a new motion for early termination of supervised release.

An appropriate order follows.

BY THE COURT:

Dated: June 9, 2021         /s/ JOY FLOWERS CONTI
                            Joy Flowers Conti
                            Senior United States District Judge